No. 662

ADAMS v. ADAMS

Ohio Appeals, Sixth District, Mahoning Count
Decided March 21, 1923

**1. WILLS.**

(1) Physician's testimony—Exclusion of, by reason of GC. 11364 GC. not ground for error reversal unless substantial justice has not been done to the part complaining—(2) Failure of to show evidence—(3) Deficient record (55B) precludes reversal.

POLLOCK, J.

Epitomized Opinion

Action in Common Pleas to contest the will of William Adams, deceased. Plaintiff offered the testimony of Dr. Thomas, physician of deceased, to showe the mental and physical condition of testator during his last illness. The trial court excluded this testimony on the ground that it was a privileged communication but admitted a letter offered by defendants, over plaintiff's objection that the letter was not properly identified. there being no signature of deceased to it. After defendants had introduced testimony of statements made by the deceased tending to prove his intention to dispose of his property in accordance with the will, plaintiff offered testimony in rebuttal to show that the deceased had made statements tending to show his intention to make a differen disposition of his property. This testimony offered by plaintiff was excluded because the court thought it not porper in rebuttal. The trial resulted in a verdict sustaining the will. Plaintiff brought error proceedings to this court. Held:

1. The testimony of Dr. Thomas, excluded by the trial court, was competent because a physician may testify as to facts he has learned through other means than by communication from his patient; but. by reason of 11364 GC.. this court cannot hold that the exclusion of this testimony, manifest justice has not been done.

2. This court cannot say that the letter introduced by defendants was not properly identified since the bill or exceptions does not contain the evidence which was introduced to identify the letter. The want of signature is not a fatal defect.

3. The plaintiff did not set out what he expected the rebutting witness to say. Therefore this case cannot be reversed on the exclusion of that testimony. Judgment of Common Pleas affirmed.

Attorneys—W. S. Metcalfe and Harrington, De Ford. Huxley & Smith. for Plaintiff in Error; D. F. Griffith. R A. Beard. Kennedy. Manchester. Conroy & Ford. Kenealy. Metcalfe & Cannon, Edwin & Ewing, for Defendant in Error.

---

No. 663

SELBARLAETNER v. UHMANN

Ohio Appeals, Eighth District, Cuyahoga County
No. 5442. June 22, 1923

**166. ERROR.**

(1) Scintilla rule (172) not applicable when motion was made for judgment for defendant—(2) Judgment of lower court affirmed.

Vickery, Sullivan and Levine, JJ.

BY THE COURT

Error to Municipal Court of Cleveland
Epitomized Opinion

Through a mistake certain property was transferred to Uhman and his wife jointly although the intention of the parties was to convey to the wife alone. At the close of plaintiff's evidence in Municipal Court the defendant moved for judgment for the defendant which motion was overruled. Error was prosecuted to the Court of Appeals which held:

1. The scintilla rule has no application in this case. it being simply a question of whether the judgment rendered was supported by the evidence.

2. We are unable to say that the judgment rendered in the lower court is not supported by sufficient evidence.

Attorneys—White. Brewer & Curtiss, for Selbarlaetner; D. B. Stone and D. R. Hurtz, for Uhmann.

---

No. 664

WEAVER v. MILLER

Ohio Appeals, Ninth District, Summit County
No. 690. June 21, 1923

**126. COURT.**

Competency of Muncipal to pass on its own (227-1) jurisdiction.

WASHBURN, J.

Epitomized Opinion

Weaver as defendant in a case in the Municipal Court made a special appearance and filed a motion to vacate a judgment taken there against him. on the ground that the court had no jurisdiction over his person. The motion was overruled and no further proceedings were had in that case Weaver. in this case. filed in Common Pleas and brought on appeal to this court, seeks to attack the judgment of he Municipal Court as void and of no effect. Held:

Assuming that the judgment in the Municipal Court was void at the time it was rendered, nevertheless the judgment of that court that it had jurisdiction of the person is valid until reversed, and cannot be questioned collaterally in another case. The Municipal Court, unlike a Justice's Court, is a Court of record and as such is competent to pass on its own jurisdiction. Judgment accordingly.

Attorneys—C H Curtiss. for Weaver: Stahl & Andree, for defendant.